IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nationstar Mortgage, LLC d/b/a Mr. Cooper,    Plaintiff,  v.  Carolyn Brantley; The United States of America acting by and through its agency, The Secretary of Housing and Urban Development; The United States of America acting by and through its agency, The Internal Revenue Service; South Carolina Department of Revenue; and T.N.S. LTD, LLC,    Defendants. _____ | Civil Action No. 9:23-cv-2052-BHH  **<u>ORDER</u>** |

Defendant Carolyn Brantley ("Brantley"), proceeding pro se, removed this action from state court on May 15, 2023. Plaintiff moved to remand, and although Defendant Brantley filed a response in opposition, no other Defendant filed any notice of removal, consent to removal, or response to the motion to remand. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On September 21, 2023, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Plaintiff's motion remand and remand this action to state court. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On October 4, 2023, Brantley

filed a motion for an extension of time to file objections to the Report, which the Court granted, giving her until November 6, 2023, to file objections. (ECF Nos. 21 and 22.) To date, however, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this Court lacks subject matter jurisdiction and that remand is appropriate. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 19), grants Plaintiff's motion to remand (ECF No. 6), and remands this case to state court.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 13, 2023
Charleston, South Carolina